**KRIDEL LAW GROUP**
1035 Route 46 East
Suite B-204
Clifton, NJ 07013
law@kridel.com  - email
(973) 470-0800-Telephone
(973) 472-1909-Facsimile
Attorneys for Debtors/Defendants, Joe and Teresa Giudice

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>TERESA and GIUSEPPE GIUDICE,<br><br>Debtors, | Chapter 7<br><br>Case Number: 09-39032<br><br>Hon. MORRIS STERN |
| ROBERTA A. DEANGELIS,<br>UNITED STATES TRUSTEE,<br><br>Plaintiff,<br><br>-vs-<br><br>TERESA and GIUSEPPE GIUDICE,<br><br>Defendants. | Adversary Proc. No.: 10-2150-MS |

### ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

Debtors/defendants, Teresa Giudice and Giuseppe Giudice, by way of answer to the complaint of plaintiff, Roberta A. DeAngelis, United States Trustee, says as follows:

{ 1 }

## JURISDICTION AND VENUE

1. Debtors/defendants admit the allegations contained in paragraph one (1) of plaintiff's complaint.

2. Debtors/defendants admit the allegations contained in paragraph two (2) of plaintiff's complaint.

3. Debtors/defendants admit the allegations contained in paragraph three (3) of plaintiff's complaint.

4. Debtors/defendants admit the allegations contained in paragraph four (4) of plaintiff's complaint.

5. Debtors/defendants admit the allegations contained in paragraph five (5) of plaintiff's complaint.

6. Debtors/defendants deny the allegations contained in paragraph six (6) of plaintiff's complaint.

## FACTUAL BACKGROUND

7. Debtors/defendants admit the allegations contained in paragraph seven (7) of plaintiff's complaint.

8. Debtors/defendants admit the allegations contained in paragraph eight (8) of plaintiff's complaint.

9. Debtors/defendants admit the allegations contained in paragraph nine (9) of plaintiff's complaint.

10. Debtors/defendants admit the allegations contained in paragraph ten (10) of plaintiff's complaint.

11. Debtors/defendants admit the allegations contained in paragraph

eleven (11) of plaintiff's complaint.

12. Debtors/defendants admit the allegations contained in paragraph twelve (12) of plaintiff's complaint.

13. Debtors/defendants admit the allegations contained in paragraph thirteen (13) of plaintiff's complaint.

14. Debtors/defendants admit the allegations contained in paragraph fourteen (14) of plaintiff's complaint.

15. Debtors/defendants admit the allegations contained in paragraph fifteen (15) of plaintiff's complaint.

16. Debtors/defendants admit the allegations contained in paragraph sixteen (16) of plaintiff's complaint.

17. Debtors/defendants admit the allegations contained in paragraph seventeen (17) of plaintiff's complaint.

18. Debtors/defendants admit the allegations contained in paragraph eighteen (18) of plaintiff's complaint.

19. Debtors/defendants admit the allegations contained in paragraph nineteen (19) of plaintiff's complaint.

20. Debtors/defendants admit the allegations in paragraph twenty (20) of plaintiff's complaint.

21. Debtors/defendants admit the allegations contained paragraph twenty-one (21) of plaintiff's complaint.

22. Debtors/defendants admit the allegations contained paragraph twenty-two (22) of plaintiff's complaint.

23. Debtors/defendants admit the allegations contained in paragraph twenty-three (23) of plaintiff's complaint.

24. Debtors/defendants admit the allegations contained in paragraph twenty-four (24) of plaintiff's complaint.

25. Debtors/defendants admit the allegations contained in paragraph twenty-five (25) of plaintiff's complaint.

26. Debtors/defendants admit the allegations contained in paragraph twenty-six (26) of plaintiff's complaint.

## THE DEFENDANTS' INITIAL AMENDMENTS

27. Debtors/defendants admit the allegations contained in paragraph twenty-seven (27) of plaintiff's complaint.

28. Debtors/defendant Giuseppe Giudice admits the allegations contained in paragraph twenty-eight (28) of plaintiff's complaint only to the extent that he inadvertently omitted the ownership of certain LLCs which in turn owned certain real estate, none of which were any value to the estate.

29. Debtors/defendants admit the allegations contained in paragraph twenty-nine (29) of plaintiff's complaint only to the fact that said letter was received by their attorney; however, the date is incorrect.

30. Debtors/defendants admit the allegations contained in paragraph thirty (30) of plaintiff's complaint.

31. Debtors/defendants admit the allegations contained in paragraph thirty-one (31) of plaintiff's complaint.

32. Debtors/defendants admit the allegations contained in paragraph thirty-two (32) of plaintiff's complaint.

33. Debtors/defendants admit the allegations contained in paragraph thirty-three (33) of plaintiff's complaint.

34. Debtors/defendants admit the allegations contained in paragraph thirty-four (34) of plaintiff's complaint.

35. Debtors/defendants admit the allegations contained in paragraph thirty-five (35) of plaintiff's complaint.

36. Debtors/defendants admit the allegations contained in paragraph thirty-six (36) of plaintiff's complaint.

37. Debtors/defendants admit the allegations contained in paragraph thirty-seven (37) of plaintiff's complaint.

38. Debtors/defendants admit the allegations contained in paragraph thirty-eight (38) of plaintiff's complaint.

39. Debtors/defendants admit the allegations contained in paragraph thirty-nine (39) of plaintiff's complaint.

40. Debtors/defendants admit the allegations contained in paragraph forty (40) of the First Count plaintiff's complaint.

## THE MEETING OF CREDITORS

41. Debtors/defendants admit the allegations contained in paragraph forty-one (41) of plaintiff's complaint.

42. Debtors/defendants admit the allegations contained in paragraph forty-two (42) of plaintiff's complaint.

43. Debtors/defendants admit the allegations contained in paragraph forty-three (43) of plaintiff's complaint.

44. Debtors/defendants deny the allegations contained in paragraph forty-four (44) of the plaintiff's complaint, except that defendant husband testified that he inadvertently submitted the aforesaid tax returns.

## THE DEFENDANTS' SUBSEQUENT AMENDMENTS

45. Debtors/defendants admit the allegations contained in paragraph forty-five (45) of plaintiff's complaint only to the extent that the second amended statement of financial affairs contained same inadvertent, incorrect statements.

46. Debtors/defendants admit the allegations contained in paragraph forty-six (46) of plaintiff's complaint.

47. Debtors/defendants admit the allegations contained in paragraph forty-seven (47) of plaintiff's complaint.

48. Debtors/defendants deny the allegations contained in paragraph forty-eight (48) of plaintiff's complaint.

49. Debtors/defendants deny the allegations contained in paragraph forty-eight (48) of plaintiff's complaint

50. Debtors/defendants admit the allegations contained in paragraph fifty (50) of plaintiff's complaint.

51. Debtors/defendants admit the allegations contained in paragraph fifty-one (51) of plaintiff's complaint, except that defendants have yet to file amended final schedules.

52. Debtors/defendants admit the allegations contained in paragraph fifty-two (52) of plaintiff's complaint.

### THE DEFENDANT WIFE'S RULE 2004 EXAMINATION

53. Debtors/defendants admit the allegations contained in paragraph fifty-three (53) of plaintiff's complaint.

54. Debtor/defendant admits the allegations contained in paragraph fifty-four (54) of plaintiff's complaint.

55. Debtor/defendant admits the allegations contained in paragraph fifty-five (55) of plaintiff's complaint only to the extent that she maintained a bank account in the name of TG Fabulicious, LLC, a formed limited liability company.

56. Debtor/defendant denies the allegations contained in paragraph fifty-six (56) of plaintiff's complaint.

### THE DEFENDANT HUSBANDS RULE 2004 EXAMINATION

57. Debtor/defendant admits the allegations contained in paragraph fifty-seven (57) of plaintiff's complaint

58. Debtor/defendant admits the allegations contained in paragraph fifty-eight (58) to the extent that he testified that monies were

withdrawn from various LLCs.

59. Debtor/defendant admit the allegations contained in paragraph fifty-nine (59) of plaintiff's complaint regarding defendant husband's signature in that it appeared to be his signature and he denies earning the stated income.

60. Debtor/defendant deny the allegations contained in paragraph sixty (60) of plaintiff's complaint in that the IRS informed him only that no income tax returns were filed during said period.

61. Debtor/defendant admits the allegations contained in paragraph sixty-one (61) of plaintiff's complaint to the extent that he was a member of a LLC which owned real estate and had collected rents.

## DEFENDANTS' DOCUMENT PRODUCTION SUBSEQUENT TO THE RULE 2004 EXAMINATION

62. Debtor/defendant denies the allegations contained in paragraph sixty-two (62) of plaintiff's complaint to the extent that the Certificate of Formation is that of a Limited Liability Company and not that of a Corporation.

63. Debtor/defendant admit the allegations contained in paragraph sixty-three (63) of plaintiff's complaint only to the extent that she filed a business entity amendment, said document regarding speaks for itself.

64. Debtors/defendants admit the allegations contained in paragraph sixty-four (64) of plaintiff's complaint only to the extent that TG Fabulicious re-petition.

65.     Debtor/defendant admits the allegations contained in paragraph sixty-five (65) of plaintiff's complaint.

66.     Debtors/defendants admit the allegations contained in paragraph sixty-six (66) of plaintiff's complaint except that on the date of filing of the petition, the account had a negative balance.

67.     Debtors/defendants admit the allegations contained in paragraph sixty-seven (67) of plaintiff's complaint, but note that withdrawals on said account during the time period referenced left a balance of approximately $3,041.38 in said bank account, not $192,620.90.

68.     Debtors/defendants deny the allegations contained in paragraph sixty-eight (68) of plaintiff's complaint to the extent that she does not understand the allegations of plaintiff.

69.     Debtors/defendants deny the allegations contained in paragraph sixty-nine (69) of plaintiff's complaint except to the extent they admit to providing a contract to plaintiff, contents of which speaks for itself.

70.     Debtors/defendants admit the allegations contained in paragraph seventy (70) of plaintiff's complaint.

71.     Debtors/defendants deny the allegations contained in paragraph seventy-one (71) of plaintiff's complaint except that final amendments are to be prepared including the TG Fabulicious bank account and 1601 Maple Avenue Associates, LLC, neither of which add any value to the estate.

## FIRST COUNT

## OBJECTION TO DISCHARGEUNDER 11 U.S.C. 727(a)(4)(A) FOR KNOWINGLY AND FRAUDULENTLY MAKING A FALSE OATH OR ACCOUNT

72. Debtors/defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 71 as if set forth herein at length.

73. Debtors/defendants admit the allegations contained in paragraph seventy-three (73) of plaintiff's complaint.

74. Debtors/defendants admit the allegations contained in paragraph seventy-four (74) of plaintiff's complaint.

75. Debtors/defendants admit the allegations contained in paragraph seventy-five (75) of plaintiff's complaint only to the extent that they do not appear on the schedules on the original petition and schedules.

76. Debtors/defendants admit the allegations contained in paragraph seventy-six (76) of plaintiff's complaint only to the extent that the wife made inadvertent statements on Schedule I.

77. Debtors/defendants deny the allegations contained in paragraph seventy-seven (77) of plaintiff's complaint.

78. Debtors/defendants deny the allegations contained in paragraph seventy-eight (78) of plaintiff's complaint, except that final amendments are to be prepared including the TG Fabulicious bank account and 1601 Maple Avenue Associates, LLC, neither of which add any value to the estate.

79. Debtors/defendants deny the allegations contained in paragraph seventy-nine (79) of plaintiff's complaint to the extent that it was omitted through inadvertence and not intentionally and the asset had no value.

80. Debtors/defendants deny the allegations contained in paragraph eighty (80) of plaintiff's complaint to the extent that it was omitted through inadvertence and not intentionally and the asset had no value.

81. Debtors/defendants deny the allegations contained in paragraph eighty-one (81) of plaintiff's complaint.

82. Debtors/defendants deny the allegations contained in paragraph eighty-two (82) of plaintiff's complaint.

83. Debtors/defendants deny the allegations contained in paragraph eighty-three (83) of plaintiff's complaint.

84. WHEREFORE, debtors/defendants respectfully request that this Court deny the relief sought by plaintiff and for such other relief as the Court deems just and proper.

**OBJECTION TO DISCHARGE UNDER 11 U.S.C. 727(a)(2)(A) FOR TRANSFERRING, REMOVING, DESTROYING, MUTILATING, OR CONCEALING, WITH INTENT TO HINDER, DELAY, OR DEFRAUD CREDITORS OR THE CASE TRUSTEE, PROPERTY OF THE DEFENDANTS WITHIN ONE YEAR BEFORE THE DATE OF FILING THE PETITION**

85. Debtors/defendants repeat and reallege each and every response to the allegations contained in paragraphs 1-84 as if set forth herein at length.

86. Debtors/defendants deny the allegations contained in paragraph eighty-six (86) of plaintiff's complaint.

Case 10-02150-MS    Doc 5    Filed 10/04/10    Entered 10/04/10 16:16:28    Desc Main
Document      Page 12 of 17

87. Debtors/defendants admit the allegations contained in paragraph eighty-seven (87) of plaintiff's complaint.

88. Debtors/defendants deny the allegations contained in paragraph eighty-eight (88) of plaintiff's complaint, except that defendant wife admits that monies were deposited and withdrawn within the aforesaid bank account.

89. Debtors/defendants admit the allegations contained in paragraph eighty-nine (89) of plaintiff's complaint only to the extent that monies were transferred to the TG Fabulicious, LLC.

90. Debtors/defendants admit the allegations contained in paragraph ninety (90) of plaintiff's complaint.

91. Debtors/defendants admit the allegations contained in paragraph ninety-one (91) of plaintiff's complaint.

92. Debtors/defendants admit the allegations contained in paragraph ninety-two (92) of plaintiff's complaint.

93. Debtors/defendants admit the allegations contained in paragraph ninety-three (93) of plaintiff's complaint.

94. Debtors/defendants deny the allegations contained in paragraph ninety-four (94) of plaintiff's complaint.

95. Debtors/defendants deny the allegations contained in paragraph ninety-five (95) of plaintiff's complaint.

96. Debtors/defendants deny the allegations contained in paragraph ninety-six (96) of plaintiff's complaint.

97. WHEREFORE, debtors/defendants respectfully request that this Court deny the relief sought by plaintiff and for such other relief as the Court deems just and proper.

### THIRD COUNT

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. 727(a)(2)(B) FOR TRANSFERRING, REMOVING, DESTROYING, MUTILATING, OR CONCEALINING, WITH INTENT TO HINDER, DELAY, OR DEFRAUD CREDITORS OF THE CASE TRUSTEE, PROPERTY OF THE ESTATE AFTER FILING THE PETITION

98. Debtors/defendants repeat and reallege each and every response to the allegations contained in paragraphs 1-97 as if set forth herein at length.

99. Debtors/defendants admit the allegations contained in paragraph ninety-nine (99) of plaintiff's complaint to the extent that the book was published but deny that defendant wife received a pre-petition advance.

100. Debtors/defendants admit the allegations contained in paragraph one hundred (100) of plaintiff's complaint.

101. Debtors/defendants deny the allegations contained in paragraph one hundred and one (101) of plaintiff's complaint.

102. Debtors/defendants deny the allegations contained in paragraph one hundred and two (102) of plaintiff's complaint.

103. Debtors/defendants deny the allegations contained in paragraph one hundred and three (103) of plaintiff's complaint.

104. Debtors/defendants deny the allegations contained in paragraph one hundred and four (104) of plaintiff's complaint.

105. WHEREFORE, debtors/defendants respectfully request that this Court deny the relief sought by plaintiff and for such other relief as the Court deems just and proper.

## FOURTH COUNT

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. 7272(a)(3) FOR CONCEALING, DESTROYING, MUTILATING, FALSIFYING, OR FAILING TO KEEP OR PRESERVE RECORDED INFORMATION, INCLUDING BOOKS, RECORDS, AND PAPERS, FROM WHICH THE DEFENDANTS' FINANCIAL CONDITION OR BUSINESS TRANSACTIONS MIGHT BE ASCERTAINED

106. Debtors/defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 though 105 as if set forth at length herein.

107. Debtors/defendants deny the allegations contained in paragraph one hundred and seven (107) of plaintiff's complaint, to the extent that same were inadvertently thought to be those of the defendants.

108. Debtors/defendants deny the allegations contained in paragraph one hundred and eight (108) of plaintiff's complaint.

109. Debtors/defendants admit the allegations contained in paragraph one hundred and nine (109) of plaintiff's complaint.

110. Debtors/defendants deny the allegations contained in paragraph one hundred and ten (110) of plaintiff's complaint.

111. Debtors/defendants deny the allegations contained in paragraph one hundred and eleven (111) of plaintiff's complaint.

112. WHEREFORE, debtors/defendants respectfully request that this Court deny the relief sought by plaintiff and for such other relief as the Court deems just and proper.

## FIFTH COUNT

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. 727(a)(5) FOR FAILURE TO EXPLAIN SATISFACTORILY ANY LOSSES OF ASSETS OR DEFICIENCY OF ASSETS TO MEET DEFENDANTS' LIABILITIES

113. Debtors/defendants repeat and reallege each and every response to the allegations contained in paragraphs 1-112 as if set forth herein at length.

114. Debtors/defendants admit the allegations contained in paragraph one hundred and fourteen (114) of plaintiff's complaint.

115. Debtors/defendants admit the allegations contained in paragraph one hundred and fifteen (115) of plaintiff's complaint.

116. Debtors/defendants admit the allegations contained in paragraph one hundred and sixteen (116) of plaintiff's complaint.

117. Debtors/defendants deny the allegations contained in paragraph one hundred and seventeen (117) of plaintiff's complaint.

118. Debtors/defendants admit the allegations contained in paragraph one hundred and eighteen (118) of plaintiff's complaint.

119. Debtors/defendants deny the allegations contained in paragraph one hundred and nineteen (119) of plaintiff's complaint.

120. Debtors/defendants admit the allegations contained in paragraph one hundred and twenty (120) of plaintiff's complaint as to the operation of

various businesses but it is denied that the tenants were "paying."

121. Debtors/defendants admit the allegations contained in paragraph one hundred and twenty-one (121) of plaintiff's complaint.

122. Plaintiff's allegations contained in paragraph one hundred and twenty-two (122) of plaintiff's complaint are too vague to permit debtors/defendants to respond.

123. Debtors/defendants admit the allegations contained in paragraph one hundred and twenty-three (123) of plaintiff's complaint, except that defendants cannot quantify the allegation of "considerable."

124. Debtors/defendants deny the allegations contained in paragraph one hundred and twenty-four (124) of plaintiff's complaint.

125. WHEREFORE, debtors/defendants respectfully request that this Court deny the relief sought by plaintiff and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendants assert that any assets which were owned but not disclosed were the result of inadvertence.

2. Plaintiff's complaint fails to state a cause of action upon which relief can be granted and defendants reserve the right to move for dismissal of plaintiffs' action.

3. Defendants assert that any assets undisclosed but owned by the defendants at the time of the filing of the petition were of no value and that

their inclusion would not have benefited the estate or the creditors thereof.

4. Defendants' actions as asserted to be contrary to the various provisions of the United States Bankruptcy Code were due to inadvertence and will be the subject of final amendments.

5. Plaintiff has not been damaged in any way by the actions of defendant.

6. Plaintiff's claims are speculative, premature, and inaccurate.

7. Defendants did not commit any wrongful or unlawful acts.

8. Defendants did not commit fraud.

9. Plaintiff is barred from recovery due to the applicable statute of limitations.

Defendants reserve the right to amend this answer to insert any additional, separate, affirmative defenses upon the completion of investigation and discovery now being conducted.

**WHEREFORE**, debtors/defendants Teresa Giudice and Giuseppe Giudice request that this Court enter an order dismissing plaintiff's complaint, for costs of suit, and for such further relief as the Court deems equitable and just.

Dated: October 4, 2010

Respectfully submitted,
Kridel Law Group
Attorneys for Debtors/defendants



By: James A. Kridel, Jr., Esq.

K:\WP Docs\GIUDICE\US Trustee adversary proceeding\Giudice Answer 10-1-10.doc